1  Gene W. Choe, Esq.  (SBN 187704)
   gwc@choicelaw.org
2  LAW OFFICES OF GENE W. CHOE, P.C.
3  3250 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
4  Telephone 213-639-3888
5  Facsimile  213-383-8280

6  Attorneys for Plaintiff, VERONICA MOJICA

7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

11  VERONICA MOJICA,                    CASE NO: CV12-1608 GW(AGRx)

12          Plaintiff,                  (Honorable GEORGE H. WU)

13  vs.

14                                      PLAINTIFFS' EX PARTE
                                        APPLICATION TO REMAND
15  WELLS FARGO BANK, N.A.;             ACTION TO STATE COURT; OR,
    FIRST AMERICAN TRUSTEE              IN THE ALTERNATIVE, FOR AN
16  SERVICING SOLUTIONS, LLC;           ORDER TO SHOW CAUSE AND
    and DOES 1 through 20, inclusive,   ISSUE A TEMPORARY
17                                      RESTRAINING ORDER;
18          Defendants.                 MEMORANDUM OF POINTS AND
                                        AUTHORITIES;
20

21

22

23

24

25      Comes now plaintiff, Veronica Mojica ("Plaintiff"), to apply for a for an

26  order requiring Defendants, Wells Fargo Bank, N.A., and First American

27  Trustee Servicing Solutions, LLC and Does 1 through 50 ("Defendants"), to

28  show cause why this case should not be remanded to state court for lack of

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1

1  diversity jurisdcition. Or, in the alternative, for a temporary restraining order
2  requiring Defendants, Wells Fargo Bank, N.A., and First American Trustee
3  Servicing Solutions, LLC and Does 1 through 50 ("Defendants"), to show
4  cause why a preliminary injunction should not be issued pending trial in this
5  action.

6        Plaintiff respectfully requests that the Court remand the case to state
7  court; or, in the alternative, enjoin Defendants from auctioning, selling, causing
8  to be sold, transferring ownership or further encumbering the real property
9  located at 809 Festivo Street, Oxnard, California 93030 ("Subject Property").
10 Subject Property at the Trustee Sale set for March 9, 2012. This application is
11 made pursuant to the *Fed. R. Civ. P.* 65, on the grounds that Plaintiff, the
12 owner of the Subject Property, will suffer irreparable harm if Defendants are
13 not enjoined from auctioning, selling, causing to be sold, transferring
14 ownership or further encumbering the Subject Property.

15       Defendant, WELLS FARGO BANK, N.A. has improperly removed this
16 action from state court on the basis of diversity jurisdiction. Relying on
17 *Wachovia Bank v. Schmidt.* 546 U.S. 303, 126 S. Ct. 941, 163 L.Ed.2d
18 797(2006), WELLS FARGO BANK, N.A. asserts that it is solely a citizen of
20 the state in which its main headquarters are located. However, this Court issued
21 a decision in *Rouse v. Wells Fargo Bank, N.A.,* Case No. CV 11-928-DMG
22 (DTBx), 2012 WL 174206 (C.D. Cal. Jan. 13, 2012) in which it found that
23 because Wells Fargo's principal place of business is in California, it is a citizen
24 of the state of California. Defendant, WELLS FARGO BANK, N.A. removed
25 this action before the hearing on the Preliminary Injunction could be properly
26 heard in state court. Had Defendant not removed this action the Order to Show
27 Cause re Preliminary Injunction would have been heard and a preliminary
28 injunction could have been in place to protect Plaintiff from the March 9, 2012

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1  sale date. **As such, absent immediate court intervention Plaintiff will suffer**
2  **irreparable harm**.

3          PLEASE TAKE FURTHER NOTICE THAT any opposition to this Ex
4  Parte Application must be filed no later than 24 hours from actual receipt of
5  this Application.

6          Pursuant to **Local Rule 7-19** opposing counsel's contact information is
7  as follows: Tanya McCullah. 4665 Mac Arthur Court Suite 280, Newport
8  Beach CA 92660. Tel: 949 477 5050 Fax: 949 608-9142.

9          Pursuant to **Local Rule 7-19.1,** Plaintiff's counsel contacted defense
10 counsel on February 6, 2012 at 12:00 p.m. and was directed to Attorney Tanya
11 McChullah's voicemail. Defense counsel was informed that plaintiff's counsel
12 intended to move this court ex parte for remand or for a temporary restraining
13 order enjoining the upcoming sale of the property.  At approximately 1:30 pm
14 Plaintiff's counsel received a voicemail from Attorney Tanya McChullah,
15 acknowledging having received notice of this Ex Parte and informing
16 Plaintiff's counsel that they would be opposing this Ex Parte application. I
17 further informed defense counsel that they had 24 hours from receiving the fax
18 to file any opposition.

20         Pursuant to **Local Rule 7-3,** Plaintiff's counsel telephoned defense
21 counsel on February 6, 2012, to discuss this motion.  The sale date is March 9,
22 2012, and further delay cannot be waited upon.

23

24 Dated: March 6, 2012            LAW OFFICES OF GENE W. CHOE, P.C

25

26                                 By: _____/s/ Gene W. Choe_____
27                                      Gene W. Choe
                                        Attorney for Plaintiff,
28                                      Veronica Mojica

*EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Notice of Default was recorded on January 10, 2011 (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit A"). The trustee sale is scheduled for **March 9, 2012** (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit B"). The Trustee Sale scheduled for **March 9, 2012** must be enjoined because Plaintiff was never contacted either via the telephone or in person by the lender to offer her any options in lieu of foreclosure and to review her financial situation. Specifically, Defendants' violation of §2923.5, renders the Notice of Default and Notice of Trustee Sale invalid. Compliance with the statute consists of contacting the borrower <u>before</u> filing the Notice of Default. Otherwise, under *Mabry v. The Superior Court of Orange County,* 2010 WL 2180530 (Cal.App. 4 Dist.) the Notice of Default is void. A void notice cannot be retroactively revived by subsequent modification efforts. In order to comply with 2923.5, the lender has to start over again by filing a new Notice of Default. A Trustee Sale cannot take place without a valid Notice of Default and Notice of Trustee Sale. As such, equity implores that Defendants are enjoined from auctioning, selling, causing to be sold, transferring ownership or further encumbering the Subject Property to save Plaintiff from suffering irreparable harm.

## I.

## FACTUAL BACKGROUND

On or about August 15, 2006, Plaintiff, Veronica Mojica obtained a mortgage loan from WELLS FARGO BANK, N.A. (hereinafter, "WELLS FARGO") in the amount of $508,000.00 to purchase her home, located at 809 FESTIVO STREET, OXNARD, CA 93030. The property is Plaintiff's primary

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

*EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1   residence.

2        In late 2010, due to the severe downturn in the economy, Plaintiff began
3   suffering financial hardship. Due to this, Plaintiff was forced to default on her
4   mortgage payments.  The Notice of Default was recorded on January 10, 2011.
5   Thereafter, on April 12, 2011, Defendants recorded a Notice of Trustee Sale.
6   Plaintiff was never contacted either via the telephone or in person by the lender
7   to offer her any options in lieu of foreclosure and to review her financial
8   situation.  Plaintiff is looking to work something out with the bank so that she
9   can stay in the home where she and her husband have raised their family.  She is
10  not looking to squat in the home mortgage free.

11        Despite this clear failure, Defendants have opted to ignore the law
12  and move forward with the foreclosure sale. Plaintiff brought this lawsuit in
13  the Ventura County Superior Court concerning a foreclosure sale scheduled to
14  go forward on February 9, 2012.  Good cause appearing in the Complaint, and
15  supporting memorandum the assigned Ventura County Superior Court issued
16  a temporary restraining order enjoining the trustee sale.   Judge Mark S.
17  Borrell scheduled an OSC re Preliminary Injunction on March 1, 2012.
18  Defendants did not file a written opposition and, instead, before the Order to
20  Show Cause re Preliminary Injunction could be heard, Defendants wrongfully
21  removed this action to this Court. State court proceedings are now stayed and
22  without judicial determination of plaintiff's rights, plaintiff stands to lose her
23  home on defendant's whim.

24  ///
25  ///
26  ///
27  ///
28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

## II.

## AN INJUNCTION SHOULD ISSUE BECAUSE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER COMPLAINT AND THE BALANCE OF HARM TIPS IN HER FAVOR

In determining whether to grant injunctive relief prior to trial, the Court must consider four factors: (1) the plaintiff's likelihood of success in the underlying dispute between the parties; (2) whether the plaintiff will suffer irreparable injury if the injunction is not issued; (3) the injury to the defendant if the injunction is issued; and (4) the public interest. *Scotts Co v. United Indus. Corp.,* 315 F. 3d 264, 271 (4th Cir.2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F. 2d 189, 193 (4th Cir.1977). A strong showing of a likelihood of irreparable injury substantially lessens the plaintiffs' need to demonstrate the likelihood of success on the merits. *Maryland Undercoating Co. v. Payne,* 603 F.2d 477, 281 (4th Cir. 1977). The strong likelihood of success on the merits likewise reduces the need to meet the other requirements.

In the present case, an emergency temporary restraining order and a preliminary injunction are necessary and appropriate because Plaintiff can demonstrate a likelihood of prevailing on the merits of the Complaint and Plaintiff will suffer imminent and irreparable harm if the injunction is not denied; whereas, Defendants will suffer little to no harm if such interim relief is granted.

## III.

## DEFENDANTS WRONGFULLY REMOVED THIS ACTION

On February 24, 2012, before the Order to Show Cause re Preliminary Injunction could be heard in state court, Defendant, WELLS FARGO BANK, N.A. removed this action on the basis of diversity jurisdiction. Defendant relied mainly on *Schmidt, supra,* asserting that as a national banking association, it is solely a citizen of the state in which its main

6

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

headquarters are located. Defendant, thus, maintains that it is a citizen of South Dakota because its main office is located in Sioux Falls, South Dakota. However, *Schmidt*, declined to hold that a national banking association's citizenship is limited to the state in which its main office is located. 546 U.S. at 315 n.8.

On January 13, 2012, this Court issued a decision in *Rouse*, *supra*, in which it found that because Wells Fargo's principal place of business is in California, it is a citizen of California. Therefore, the Court remanded the case to state court.

In this case, Defendant, WELLS FARGO removed the action based on diversity jurisdiction claiming that it is a citizen of South Dakota. However, because this court found that WELLS FARGO is a citizen of the State of California this action has been improperly removed, and as such, should be remanded back to state court.

### IV.

### PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF AND WILL SUFFER IRREPARABLE HARM UNLESS THE INJUNCTION IS GRANTED

To be entitled to a preliminary injunction, plaintiff must show that failure to provide interim relief will cause irreparable injury. *Barajas v. City of Anaheim* (1993) 15 Cal. App. 4th 1808, 1813. Owning a home is part of the American dream. Unfortunately, the dream has been derailed by the astounding number of foreclosures across the country that is increasing every day. People are losing their homes and livelihood, while the corporate giants are able to profit from the sale of people's homes through foreclosure. The displacement of a family, even an individual, from a home is devastating. Plaintiffs are attempting to modify the loan on the subject property (something

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1 the law requires Defendants to do); however, while the bank and its agents are
2 working to modify the loan on the one hand, the other hand is trying to take
3 the home from Plaintiff through foreclosure.  This is fraud!  If Defendants are
4 not enjoined and sell Plaintiff's home in the Trustee Sale, Defendants will
5 have succeeded in committing a fraud by luring Plaintiff into a false since of
6 security by offering loan modification then taking her home so there is nothing
7 to modify.  Albeit the Defendants may suffer a momentary minor loss due to
8 continued nonpayment of the loan, which will be rectified through the
9 modification, the loss is in no way greater than the irreparable harm that
10 Plaintiff will suffer if she loses her home.  Furthermore, failure to grant this
11 request for temporary restraining order, will reward Defendants for their
12 fraudulent acts, while taking away Plaintiff's home.

13
## V.

14
### CONCLUSION

15          For the foregoing reasons, Plaintiff respectfully requests that the Court
16 remand this action back to state court where it can be properly heard, or, in the
17 alternitve, set a hearing date for an Order to Show Cause re Preliminary
18 Injunction, and issue a temporary restraining order, to restrain the Defendants and
20 their agents, attorneys, successors, and representatives and all persons acting in
21 concert or participating with them, from selling, attempting to sell, or causing
22 to be sold the Subject Property at the Trustee Sale set for **March 9, 2012.**

23

24 Dated: March 6, 2012              LAW OFFICES OF GENE W. CHOE, P.C

25

26                                  By: _/s/ Gene W. Choe_____
27                                      GENE W. CHOE, ESQ.
                                        Attorney for Plaintiff,
28                                      Veronica Mojica

# EXHIBIT A

Recording Requested by: DPS

Recording Requested By:
**First American Title Insurance Company**

20110110-00004763-0 1/3
Ventura County Clerk and Recorder
MARK R. LUNN
01/10/2011 08:00:00 AM
480479 $24.00 LE

When Recorded Mail To:
**First American Trustee Servicing Solutions, LLC**
**6 Campus Circle, 2nd Floor**
**Westlake, TX 76262**

Space above this line for Recorder's use only

TS No. :        20099070803307
APN:            214-0-091-375
TSG No. :       4033255

**Pursuant to California Code Section 2924c(b)(1) please be advised of the following:**

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$79,854.40** as of **01/06/2011**, and will increase until your account becomes current. While your property is in foreclosure. you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**90708-WELLS FARGO HOME MORTGAGE**
**c/o First American Trustee Servicing Solutions, LLC**
**6 Campus Circle, 2nd Floor**
**Westlake, TX 76262**
**8664295179**

TS No.:        20099070803307
VA/FHA/PMI No.:

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is
concluded prior to the conclusion of the foreclosure.

### Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **First American Trustee Servicing Solutions, LLC** As Agent for the current
beneficiary under a Deed of Trust dated **08/07/2006**, executed by:

#### VERONICA MOJICA,

as Trustor(s) to secure certain obligations in favor of **WELLS FARGO BANK, N.A.** as Beneficiary, recorded
**08/15/2006**, (as Instrument No.) **20060815-0171412**, (in Book) _ (Page) of Official Records in the Office of the
Recorder of **Ventura** County, California describing land therein as:

### AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$508,000.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment
has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 11/1/2008 AND ALL
SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE
AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES. NOTHING IN THIS
NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER
THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a
written Declaration of Default and Demand for same, and has deposited with said agent such deed of trust and all
documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby
immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the
obligations secured thereby.

Dated: **Jan 06, 2011**

**First American Trustee Servicing Solutions, LLC As Agent
For The Current Beneficiary**
By: First American Title Insurance Company, as
Attorney-In-Fact

By: _____
                              (signature)
Name: _____ **Olga Volpe**
Title:_____

**First American Trustee Servicing Solutions, LLC MAY BE ACTING AS A DEBT
COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED
MAY BE USED FOR THAT PURPOSE.**

See Attached Declaration

# NOTICE OF DEFAULT DECLARATION
PURSUANT TO CALIFORNIA CIVIL CODE 2923.5

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower: VERONICA MOJICA
Property Address: 809 FESTIVO ST
        OXNARD        CA  93030

The undersigned mortgagee, beneficiary, or their authorized agent (collectively, the "Beneficiary") represent and declares that the requirements of CA Civil Code 2923.5 have been met. This Declaration is required for any residential owner occupied property in which the loan was originated between January 1, 2003 and December 31, 2007. Non-owner occupied property and vacant property are exempt from the requirements of CA Civil Code 2923.5.

One of the below necessary requirements was met by the Beneficiary:

* The Beneficiary has made contact with the borrower pursuant to CA Civil Code 2923(a)(2). Contact with the borrower was made in person or by telephone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

* Due Diligence to contact the borrower was exercised pursuant to CA Civil Code 2923.5(g)(2) by the Beneficiary.

* The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, Trustee, beneficiary, or authorized agent pursuant to CA Civil Code 2923.5(h)(1).

* The borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries pursuant to CA Civil Code 2923.5(h)(2).

* The borrower has filed for bankruptcy and the proceedings have not been finalized pursuant to CA Civil Code 2923.5(h)(3).

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 12/14/2010

                    Wells Fargo Bank, N.A.

                    Nicole Miles-Todd
                    VP of Loan Documentation

VENTURA, CA Document:ND 2011.4763                    Page:3 of 3

Printed on:2/6/2012 2:17 PM

# EXHIBIT B

 **Foreclosure Profile Report**

809 FESTIVO ST
OXNARD, CA 93030
County **VENTURA**
Parcel Number **214-0-091-375**
Thomas Guide
RadarID **923210b**
Legal Description
**TRACT 513602 LOT 133, REF: 137MR 80**

## Property Details

| | | | |
|---|---|---|---|
| Year Built | **2000** | Zoning | |
| Type | **SFR - RSFR** | Units | **1** |
| Beds | **3** | Baths | **2.5** |
| SqFt | **1,893** | Lot Size | **3,834** |
| Rooms | **6** | Stories | **2** |
| Garage | **0** | HVAC | |
| Pool | **0** | Fireplace | **1** |
| | | Transfer Date | **07/30/04** |

## Value & Equity

| | | | |
|---|---|---|---|
| Value | **$317,606** | **$168/sf (02/14/12)** | |
| Loans | **$545,000** | **172%** | |
| Equity | **$-227,394** | **-72%** | |
| Est. Rent | **$2,119** | Cap Rate | **8.01%** |

## Tax Assesment

| | | | |
|---|---|---|---|
| Total | **$330,000** | Annual Taxes | **$4,035** |
| Land | **$215,000** | Est. Tax Rate | **1.22%** |
| Improved | **$115,000** | Tax Rate Area | **3256** |
| As of | **2011** | | |

## Owner Name & Mailing Address

MOJICA,VERONICA
809 FESTIVO ST
OXNARD, CA 93030

## Foreclosure Stage: Auction

| | | | |
|---|---|---|---|
| Sale Date | **03/09/12** | Published Bid | **$564,735** |
| | | Opening Bid | **$0** |
| Sale Status | **Active** | Notice Date | **04/12/11** |
| Postponed For | **Beneficiary Request** | Document # | **58033** |
| Sale Date | **03/09/12** | Sale Time | **11:00 AM** |
| Prior Date | **02/09/12** | Sale Location | **800 S VICTORIA AVE** |
| Original Date | **05/02/11** | | **VENTURA** |
| Loan Date | **08/15/06** | Loan Amount | **$508,000** |
| Loan Doc # | **171412** | Loan Position | **1** |
| Trustee | **FIRST AMERICAN TRUSTEE SVCG** | | |
| | **6 CAMPUS CIR 2ND** | | |
| | **WESTLAKE, TX 76262** | | |
| | **916-939-0772** | | |
| TS Number | **20099070803307** | | |
| Lender | **WELLS FARGO HM MTG** | | |
| | **3476 STATEVIEW BLVD** | | |
| | **FORT MILL, SC 29715** | | |

## Transaction History

| Type | # | Date | Doc # | Grantee | Amount |
|---|---|---|---|---|---|
| Grant Deed | | 07/30/04 | 210383 | MOJICA,VERONICA | $582,000 |
| Grant Deed | | 07/30/04 | 210384 | MOJICA,VERONICA | $0 |
| Loan | | 07/30/04 | 210385 | LONG BEACH MORTGAGE CO | $465,600 |
| Loan | | 07/30/04 | 210386 | LONG BEACH MORTGAGE CO | $58,200 |
| Loan | 1st | 08/15/06 | 171412 | WELLS FARGO BANK | $508,000 |
| - NOD | | 03/06/09 | 34252 | FIRST AMERICAN TITLE INS CO | $15,433 |
| - NTS | | 06/12/09 | 97456 | FIRST AMERICAN LOANSTAR TE SVC | $529,606 |
| - NTS | | 09/09/10 | 135950 | FIRST AMERICAN TRUSTEE SVCG | $567,242 |
| - NOD | | 01/10/11 | 4763 | FIRST AMERICAN TRUSTEE SVCG | $79,854 |
| - NTS | | 04/12/11 | 58033 | FIRST AMERICAN TRUSTEE SVCG | $564,735 |
| Loan | 2nd | 08/15/06 | 171413 | WELLS FARGO BANK | $37,000 |

PROOF OF SERVICE

STATE OF CALIFORNIA                )
                                   ) ss
COUNTY OF LOS ANGELES              )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3250 Wilshire Blvd., Suite 1200, Los Angeles, California 90010.

On March 6, 2012, I served the following document(s):

**PLAINTIFFS' EX PARTE APPLICATION TO REMAND ACTION TO STATE COURT; OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE AND ISSUE A TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED ORDER] ON PLAINTIFF'S EX PARTE APPLICATION FOR REMAND, OR IN THE ALTERNATIVE, AN ORDER TO SHOW CAUSE AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER; [PROPOSED ORER] ON PLAINTIFF'S EX PARTE APPLICATION FOR REMAND, OR, IN ALTERNATIVE, AN ORDER TO SHOW CAUSE AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER**

On the following interested parties in this action described as follows:

T. Robert Finlay, Esq. – rfinlay@wrightlegal.net
Lukasz I. Wozniak, Esq. – lwozniak@wrightlegal.net
Tanya C. McCullah, Esq. – tmccullah@wrightlegal.net
*Attorneys for Wells Fargo Bank, N.A. and First American Trustee Servicing Solutions*

[ X ] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 6, 2012, in Los Angeles, California.

*Emi Ouchi*

Emi Ouchi

– 1 –